IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EMILIO MARCO BLACK, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:25-CV-1089-O |
| | § | (NO. 4:24-CR-279-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Emilio Marco Black under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.   BACKGROUND

On October 29, 2024, Movant was named in an indictment charging him with possession of 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR ECF No.[1] 11. On November 25, 2024, he was named in a superseding information charging him with possession of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR ECF No. 16. Movant and his counsel signed a factual resume setting forth the maximum penalties he faced, the elements of the offense charged by the superseding information, and the stipulated facts establishing that he had committed the offense. CR ECF No. 18. They also signed a plea

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-CR-279-O.

agreement pursuant to which Movant agreed to plead guilty to the offense charged in the superseding information and the government agreed not to bring any additional charges based on the conduct underlying and related to the plea agreement. CR ECF No. 19. The plea agreement also reflected that Movant understood the Court's sentencing discretion; the plea was freely and voluntarily made and not the result or force, threats, or promises except as set forth therein; Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances; and, Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his counsel's representation. *Id.*

On December 4, 2024, Movant appeared with counsel and testified under oath in open court that: he had received, read, and understood the superseding information; he understood the essential elements of the charge in the superseding information and he committed each of them; he read, understood, and discussed the plea agreement (including the waiver of right to appeal) with counsel before signing it; he voluntarily and of his own free will signed the plea agreement; he understood the penalties he faced; he read, understood, and signed the factual resume and the facts therein were true and correct; and, he was fully satisfied with the representation provided by his attorney and the advice he received. CR ECF No. 48.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. CR ECF No. 27, ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 29 and a criminal history category of III, Movant's advisory guideline range was 108 to 135 months. *Id.* ¶ 89.

The Court sentenced Movant to a term of imprisonment of 120 months. CR ECF No. 35. Movant appealed, CR ECF No. 37, despite having waived his right to do so. CR ECF No. 19, ¶ 14. His counsel filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The appeal was dismissed on Movant's motion. *United States v. Black*, No. 25-10458, 2025 WL 2542161 (5th Cir. Sept. 4, 2025).

## II.    GROUNDS OF THE MOTION

Movant purports to raise four grounds in support of his motion, although he does not state what any of them are. ECF No.[2] 1 at 4, 5, 7, & 8.[3]  Instead, he simply references his memorandum filed contemporaneously. *Id.* As best the Court can tell, all of Movant's grounds concern alleged ineffective assistance of counsel. ECF No. 2. Movant appears to complain that counsel provided ineffective assistance in failing to: object to the PSR's inclusion of status points, file a motion to correct the drug conversion table, object to the drug quantity, file a motion to suppress, file a motion for the exact stipulation of the drug amount, and attack the criminal complaint. *Id.*

## III.    APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 13" reflected at the top right portion of the document on the Court's electronic filing system.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v.*

4

*Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

As the government notes, Movant did not receive any status points because his criminal history score was below seven. ECF No. 10 at 2. Moreover, no drug conversion was required because the offense involved only cocaine. *Id.* Counsel cannot have provided ineffective assistance in either of these respects. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise meritless claims is not ineffective); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (same).

The remainder of the memorandum is fatally vague and conclusory. Movant does not explain what was wrong with the drug quantity calculation or what counsel should have done. He fails to explain how anything counsel did or failed to do prejudiced him in any respect. In his reply, he seems to argue that counsel rendered ineffective assistance in failing to file a sentencing memorandum. ECF No. 11. He is mistaken; counsel filed a sentencing memorandum. CR ECF No. 32. In any event, Movant fails to identify any particular issue that should have been raised and would have changed the outcome. Conclusory allegations are not sufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282.

For all of the reasons discussed in the response, which the Court need not repeat here, Movant could not have prevailed on any of his claims. ECF No. 10 at 8–13. The PSR amply supports the determination of the drug quantity attributed to Movant. CR ECF No. 27. The Court was entitled to rely on information provided by the confidential informant because that information was reliable. *United States v. Nava*, 624 F.3d 226, 230–31 (5th Cir. 2010) (at sentencing, the court may consider any evidence that bears sufficient indicia of reliability to support its probable accuracy, even hearsay); *United States v. Kinder*, 946 F.2d 362, 366 (5th Cir. 1991) (district court has wide discretion in evaluating the reliability of information and whether to consider it). Movant's plea was knowing, voluntary, and intelligent and he waived all nonjurisdictional defects in entering into it. *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). Movant has not shown in any event that a meritorious motion to suppress could have been filed. *See Kimmelman v. Morrison*, 477 U.S. 365 (1986) (to establish ineffective assistance based on a Fourth Amendment claim a movant must show that a meritorious motion to suppress could have been filed and that it would have affected the outcome).

To the extent Movant references the failure to raise issues on appeal, ECF No. 2 at 6, he overlooks that he waived the right to appeal. Even if he had not done so, he has not shown that any meritorious issue existed. Counsel does not provide ineffective assistance in failing to raise meritless arguments. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). An attorney's decision to omit an argument on appeal rises to ineffectiveness only when directly controlling authority reveals that the argument would likely have been successful. *United States v. Williamson*, 183 F.3d

458, 463 (5th Cir. 1999). Directly controlling precedent is rare. *Id.*, 183 F.3d at 463 n.7. Here,

Movant does not cite to any controlling authority.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

appealability is **DENIED**.

**SO ORDERED** on this **17th day** of **March, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**